Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000176
28-MAR-2019
08:13 AM

NO. CAAP-17-0000176

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CAMBRIDGE MANAGEMENT INC., managing agent,
Plaintiff-Appellee,
v.
NICOLE JADAN,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC16-1-4118)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Nicole Jadan (Jadan), *pro se*, appeals from the Judgment for Possession, filed August 10, 2016 (Judgment for Possession) and the Judgment, filed March 13, 2017, (Judgment) in the District Court of the First Circuit (district court).[1]

This appeal arises from an assumpsit claim for possession filed on June 21, 2016, by Plaintiff-Appellee Cambridge Management, Inc. (Cambridge) asserting that Jadan breached her rental agreement when she filed a 28-day notice to

---

[1] The Honorable Gerald H. Kibe presided at the initial hearing and trial setting. The Honorable Ronald Albu presided at the trial regarding possession and at trial status hearings for the trial regarding damages before recusing himself. The Honorable Thomas A.K. Haia presided at the hearing on Jadan's Motion for Appointment of Interpreter, filed October 31, 2016. The Honorable Michael K. Tanigawa presided at trial status hearings for the trial regarding damages. The Honorable Maura M. Okamoto presided at the trial regarding damages.

vacate.  On July 11, 2016, Jadan filed a Counterclaim against Cambridge asserting claims for damages.

On appeal, Jadan appears to contend that the district court erred in: (1) proceeding with trial without an interpreter after the district court had found that Jadan needed an interpreter and (2) not finding in favor of Jadan in the underlying case and on her counterclaim.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Jadan's appeal as follows.

(1) Jadan's first point on appeal is that the district court erred in proceeding with trial without an interpreter. Cambridge asserts in response that Jadan's opening brief and failure to provide transcripts supporting her argument on appeal violate Hawai'i Rules of Appellate Procedure (HRAP) Rules 28(b) and 10(b) (2016) respectively.  Cambridge further asserts that Jadan understands, speaks, and writes English well and thus was not entitled to an interpreter under Cornwell v. Wailuku Sugar Co., 20 Haw. 585, 586 (Haw. Terr. 1911).

The presiding district court judge in a case determines the need for an interpreter in accordance with the Hawai'i Rules for Certification of Spoken & Sign Language Interpreters (CSSLI) Appendix B, section (I)(A):[2]

> An interpreter is needed if, upon examination by the court, (1) a party or witness is unable to speak English so as to be understood directly by counsel, court, and jury, or (2) if a party is unable to hear, understand, speak and/or use English sufficiently to comprehend the proceedings and to assist counsel in the conduct of the case.

This examination should be conducted on the record and the district court should state its conclusion on the record.  CSSLI, Appendix B, section (I)(B).  Appellate review of the district court's determination of a party or witness's command of the

_____

[2] The standards and procedures for determining the need for a court interpreter are contained in the Order Adopting the Policies for Interpreted Proceedings in the Courts of the State of Hawai'i, filed June 22, 1995, in CSSLI, App. B (Haw. S. Ct., adopted July 11, 2007, effective nunc pro tunc July 1, 2007), available at https://www.courts.state.hi.us/docs/court_rules/rules/cssli.pdf.

English language requires review of the transcript of the proceedings. <u>See, e.g.</u>, <u>State v. Faafiti</u>, 54 Haw. 637, 639, 513 P.2d 697, 699-700 (1973) ("[U]pon review of the transcript of the defendant's testimony, we are satisfied that he had sufficient command of the English language to understand questions posed during the proceedings and to convey his thoughts to the jury[.]"); <u>and Cornwell</u>, 20 Haw. at 586 ("An examination of the transcript satisfies [the court] that [the party] was able to express himself with clearness in the English language and to understand the questions asked.").

Jadan, pursuant to HRAP Rule 10(b)(1),[3] did not include the relevant transcript of proceedings as part of the record on appeal for our review of her contention that the district court erred in failing to provide an interpreter. <u>Lepere v. United Publ. Workers, Local 646, AFL-CIO</u>, 77 Hawaiʻi 471, 474 & n.4, 887 P.2d 1029, 1032 & n.4 (1995). "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." <u>Bettencourt v. Bettencourt</u>, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (alteration in original) (quoting <u>Union</u>

---

[3] HRAP Rule 10(b)(1) provides in relevant part:

> (b) The transcript of court proceedings.
> (1) Request to prepare transcript
> (A) *When to request.* When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal.
> . . .
> (C) *Payment or Deposit for Transcript.* Unless the requestor is exempt from the transcript payment or deposit requirement or the reporter has waived such requirement, a reporter need not commence preparation of the transcript until the required deposit or transcript prepayment has been made to the court reporter. If the requestor files a request for transcript without prepaying the transcript fees, making the required deposit, or obtaining the reporter's waiver of prepayment or deposit, the reporter shall, within 11 days from the date of the filing of the request for transcripts, file a notification with the appellate clerk that prepayment, deposit, or waiver of prepayment or deposit for the transcripts was not made. A copy of the notice shall also be served on the requestor.

Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)).

We denied Jadan's motions to this court for waiver of transcript fees because Jadan failed to demonstrate that she is statutorily exempt from transcript fees. Jadan's Counterclaim relates to a civil claim and does not classify Jadan as a criminal defendant with the associated "right to transcripts of prior proceedings." State v. Scott, 131 Hawai'i 333, 339, 319 P.3d 252, 258 (2013) (citations omitted). Thus Jadan is not covered by Hawaii Revised Statutes (HRS) § 802-7 (2014) which provides that the court should direct that transcript expenses be paid on behalf of indigent criminal defendants upon a showing of need for the transcripts. Accordingly, Jadan remains responsible for providing the appellate court with appropriate transcripts to support her contentions on appeal.

In this case, the record on appeal contains only the minutes of the district court proceedings and not the transcripts. The minutes reflect that on August 5, 2016, the Honorable Ronald Albu denied Jadan's request for a Polish interpreter and conducted the trial regarding Cambridge's claim for possession. The minutes further reflect that on January 13, 2017, at a status conference for the trial regarding Jadan's counterclaim for damages, the Honorable Michael T. Tanigawa granted Jadan's oral motions to withdraw her counsel and appoint a Polish interpreter and continued the case for status. However, without the transcripts we are unable to review what examinations (if any) the district court conducted and why or how the district court judges arrived at contrary conclusions.

We note further that Jadan failed to provide any evidence in the record on appeal showing that she was unable to make herself understood before the district court. Jadan represented herself in two trials and numerous hearings after the district court's finding that she did not require an interpreter.

(2) Jadan's second point on appeal is that the district court erred in not finding in favor of Jadan in the underlying case and on her counterclaim.

HRAP Rule 28(b)(4) (2016) requires that an opening brief on appeal must contain:

> (4) A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. Where applicable, each point shall also include the following:
> (A) when the point involves the admission or rejection of evidence, a quotation of the grounds urged for the objection and the full substance of the evidence admitted or rejected;
> . . .
> (C) when the point involves a finding or conclusion of the court or agency, either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions;
> . . .

Rule 28(b)(4) also provides that:

> Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented. Lengthy parts of the transcripts that are material to the points presented may be included in the appendix instead of being quoted in the point.

We acknowledge that Hawai'i's appellate courts "consistently adhere[] to the policy of affording [pro se] litigants the opportunity to have their cases heard on the merits, where possible[.]" Hous. Fin. and Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (citation omitted). This is particularly true when the HRAP Rule 28(b)(4) violations are chiefly a matter of form and the underlying legal argument is still ascertainable. See O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994) (citations omitted).

While we may notice plain error at our option under HRAP Rule 28(b)(4), a party "has no right to cast upon the court the burden of searching through a voluminous record to find the ground of an objection[,]" let alone the burden of searching for the existence of an error in the first place. Int'l Bhd. of Elec. Workers, Local 1357 v. Hawaiian Tel. Co., 68 Haw. 316, 322 n.7, 713 P.2d 943, 950 n.7 (1986). When the appellate briefs present no point of error to direct such a hearing on the merits, that failure to comply with HRAP Rule 28(b)(4) alone is

5

sufficient to affirm the judgment of the district court.  See
O'Connor, 77 Hawaiʻi at 385-86, 885 P.2d at 363-64 (citations
omitted).

In the appellate briefs in this case Jadan provides no
allegation as to how or on what point the district court erred in
either its conduct of the various trials and hearings or in its
decisions.  Jadan merely resubmits the evidence she presented in
the lower court and asks that we find in her favor against
Cambridge and grant her counterclaim.  Jadan's briefs further
fail to meet HRAP Rule 28(b)(4)'s requirements of form that each
point of error must state where in the record the alleged error
occurred and whether and how it was brought to the court's
attention.

Although, we may overlook failures of form and consider
Jadan's case on the merits, Jadan's appellate briefs propose no
legal argument or point of error for our review.  Cf. id.
(appellant's points on appeal were in the form of arguments).
Jadan's failure to complete the record on appeal further inhibits
any plain error review of the district court's actions and
decisions in this case.  Accordingly, we reject Jadan's second
contention on appeal.

Based on the foregoing, the Judgment for Possession
filed August 10, 2016, and the Judgment filed March 13, 2017, in
the District Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawaiʻi, March 28, 2019.

On the briefs:

Nicole Jadan
Pro Se, Defendant-Appellant.

Richard A. Yanagi
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6